UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07111-DOC (SK) | Date | August 27, 2019 |
|---|---|---|---|
| Title | Christopher Dickson v. Alan Yochelson | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|
| Connie Chung | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

In August 2019, Petitioner filed what he calls a "petition for writ of prohibition and order to show cause for preliminary injunction" that challenges his 1997 state convictions for robbery, burglary, sexual battery, and rape. (ECF 1, 2). But "[a] writ of prohibition is not a means for invalidating the judgment of a non-subordinate court such as a state court, but rather is a means of confining or compelling the exercise of jurisdiction of an 'inferior court' such as a lower federal court." *Olivier-Ward v. Blackwell*, 127 F.3d 1106 (9th Cir. 1997) (citing *Ex Parte Republic of Peru*, 318 U.S. 578, 581-83 (1943)). The Court thus lacks jurisdiction to entertain this "petition for writ of prohibition" against a state court judgment.

The correct way to challenge a state court conviction is through a habeas petition under 28 U.S.C. § 2254. But Petitioner has previously filed three such unsuccessful petitions already in 2002, 2004, and 2017. (*See* C.D. Cal. Case Nos. 2:02-cv-04747, 2:04-cv-04332, 2:17-cv-08290). And when a petition under § 2254 has been denied on the merits, any later petition attacking the same conviction is considered impermissibly successive. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). So a successive petition cannot be filed without advance authorization from the appropriate U.S. Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A). Yet Petitioner presents no evidence that he has obtained this authorization from the Ninth Circuit. Without that authorization, the Court has no jurisdiction to entertain Petitioner's challenge to his state court conviction.

Even if Petitioner had obtained that authorization, the Petition is facially untimely by 18 years.[1] On direct appeal, the California Supreme Court denied review in August 1999 (*see* Cal. S. Ct. Case No. S080088), and because Petitioner did not file a certiorari petition in the U.S. Supreme Court, his conviction became final 90 days later in November 1999. From that date, Petitioner had one year to file a timely federal petition. *See* 28 U.S.C. § 2244(d)(1)(A). No statutory tolling appears available because Petitioner did not file his first state petition (*see* Cal. Ct. App. Case No. B283125) until after the one-year limitations period had already lapsed. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Nor does there appear any basis for

---

[1] The Court takes judicial notice of Petitioner's prior direct appeals and habeas proceedings. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07111-DOC (SK) | Date | August 27, 2019 |
|---|---|---|---|
| Title | Christopher Dickson v. Alan Yochelson | | |

equitable tolling or the delayed commencement of the limitations period under § 2254(d)(1). And Petitioner's three prior federal petitions did not toll the statute of limitations either. *See Duncan v. Walker*, 53 U.S. 167, 181-82 (2001). So even if the Court had jurisdiction to review the Petition, it would be subject to summary dismissal for untimeliness.

Finally, even if the Petition were somehow considered timely, it would still be procedurally defaulted. Federal courts may not review an alleged violation of federal law if the state court's decision rests on an independent and adequate state procedural ground. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Here, in the last state court decision on Petitioner's most recent round of state collateral review, the California Supreme Court denied the petition with citations to *In re Robbins,* 18 Cal. 4th 770, 780 (1998), and to *In re Clark*, 5 Cal. 4th 750, 767-69 (1993). (*See* Cal. S. Ct. No. S243568). Both *Robbins* and *Clark* are independent and adequate state procedural rules prohibiting federal habeas review. *See Walker v. Martin*, 562 U.S. 307, 315-320 (2011); *Briggs v. State*, 2017 WL 1806495, at *6 (N.D. Cal. May 5, 2017). Thus, the Petition would be unreviewable—even if it were timely—because of those procedural defaults, unless Petitioner demonstrates cause and actual prejudice. *See Coleman*, 501 U.S. at 750.

THEREFORE, Petitioner is ORDERED TO SHOW CAUSE on or before **September 27, 2019** why the Court should not dismiss this action for lack of jurisdiction, untimeliness, or procedural default. If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action under Federal Rule of Civil Procedure 41(a) by filing a "Notice of Voluntary Dismissal." The Clerk is directed to provide Petitioner with a Notice of Voluntary Dismissal Form CV-09. **If Petitioner does not file a notice of voluntary dismissal or timely response to this Order to Show Cause, the Court may also recommend involuntary dismissal of the Petition for failure to prosecute and obey court orders.** See Fed. R. Civ. P 41(b); L.R. 41-1.