# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DICKSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ALAN YOCHELSON,<br><br>　　　　Respondent. | CASE NO. 2:19-cv-07111-DOC (SK)<br><br>**ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY** |

　　　　Petitioner is a California state prisoner who has filed what he calls a "petition for writ of prohibition," challenging his 1997 state convictions for robbery, burglary, sexual battery, and rape. (ECF 1). But because a "writ of prohibition is not a means for invalidating the judgment of a non-subordinate court such as a state court," *Olivier-Ward v. Blackwell*, 127 F.3d 1106 (9th Cir. 1997), the Court construed the "petition for writ of prohibition" as a federal habeas petition under 28 U.S.C. § 2254. Yet so construed, the Petition was still impermissibly successive, untimely, and procedurally defaulted. Petitioner was thus ordered to show cause why the Petition should not be summarily dismissed on these grounds. (ECF 5). His response, however, contained nothing but non sequiturs. (ECF 6). The Petition is therefore ordered dismissed with prejudice for the three reasons

in the Court's order to show cause.

First, the Petition is impermissibly successive. Petitioner already filed three unsuccessful habeas petitions in 2002, 2004, and 2017. (*See* Nos. 2:02-cv-04747; 2:04-cv-04332; 2:17-cv-08290). His 2002 petition was dismissed as untimely, after which the Ninth Circuit denied both a certificate of appealability (*see* No. 03-56317) and a request to file a second and successive petition (*see* No. 04-74134). Petitioner's 2004 and 2017 petitions were dismissed on similar grounds. Because Petitioner presents no evidence, nor has the Court not found any, revealing that he has obtained permission from the Ninth Circuit to file another successive petition, it must be dismissed for lack of jurisdiction. *See* 28 U.S.C. § 2244(b)(3)(A); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

Second, even if Petitioner had obtained permission to file a successive petition, it would be untimely by nearly 19 years. *See Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001) ("[T]he district court has the authority to raise the statute of limitations *sua sponte* and to dismiss the petition on those grounds" if "the court provides the petitioner with adequate notice and an opportunity to respond."). Petitioner's conviction became final in November 1999, so he had until November 2000 to file a timely federal petition absent statutory or equitable tolling. *See* 28 U.S.C. § 2244(d)(1)(A). Yet in response to the order to show cause about this timeliness problem, Petitioner provided no evidence to support tolling of any kind that could make the Petition timely.

Finally, even if the Petition were authorized by the Ninth Circuit and timely filed, it remains foreclosed by procedural default. In the last state court decision addressing the claims in the Petition, the California Supreme Court denied the claims for procedural reasons with citations to *In re Robbins*, 18 Cal. 4th 770, 780 (1998) (untimeliness), and *In re Clark*, 5 Cal.

4th 750, 767-69 (1993) (impermissibly successive).  Unless Petitioner shows cause and prejudice, these state procedural defects are independent and adequate grounds precluding federal habeas review.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Walker v. Martin*, 562 U.S. 307, 315-20 (2011); *Bennett v. Mueller*, 322 F.3d 573, 582-83 (9th Cir. 2003).  In his response to the order to show cause, however, Petitioner makes no attempt even to argue sufficient cause and prejudice to excuse the procedural default of his claims in state court.

THEREFORE, the Petition is ordered DISMISSED as impermissibly successive, untimely, and procedurally defaulted.  Judgment dismissing this action with prejudice will be entered accordingly.

FURTHERMORE, a Certificate of Appealability is DENIED because Petitioner has not made a substantial showing of the denial of a constitutional right and that jurists of reason would find it debatable whether the Court is correct in its procedural rulings.  *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

DATED: October 15, 2019

DAVID O. CARTER
U.S. DISTRICT JUDGE


PRESENTED BY:

STEVE KIM
U.S. MAGISTRATE JUDGE